**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **KIRK ANTHONY BOTTS,** | ) | **4:15CV3026** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CITY OF LINCOLN, NEBRASKA, and PHILLIP TRAN, Officer, in his official capacity,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kirk Anthony Botts ("Plaintiff") filed his Complaint (Filing No. 1) on March 6, 2015. This Court has given him leave to proceed in forma pauperis. The Court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff sues the City of Lincoln, Nebraska, and Officer Phillip Tran in this action. Plaintiff purports to bring this case as a diversity action under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-928.

Plaintiff alleged that on December 1, 2012, he was arrested, presumably by Tran, on charges of domestic assault. Tran placed Plaintiff in the backseat of his vehicle without securing him with a seatbelt. Thereafter, Tran went on a high-speed pursuit with Plaintiff handcuffed in the backseat of the vehicle. Plaintiff was "toss[ed] around" and he suffered muscle strain, back strain, mental anguish, and emotional distress. (Filing No. 1 at ECF 4, 7.)

Plaintiff argues Tran was negligent in failing to secure Plaintiff in the backseat with a seatbelt. He estimates he incurred medical expenses within the range of $16,000 to

$18,500. (*Id.* at ECF 6.) For relief, Plaintiff asks the court to award him $1 million in monetary damages. (*Id.* at ECF 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff argues federal jurisdiction is proper in this action pursuant to 28 U.S.C. § 1332. Plaintiff is mistaken. Subject-matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332 when the "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff set forth that both Plaintiff and Defendants are residents of the State of Nebraska. (*See* Filing No. 1 at ECF 3.) Thus, the citizens are *not diverse*, and subject-matter jurisdiction is not proper pursuant to 28 U.S.C. § 1332.

Even if the Court were to construe the Complaint as having been brought pursuant to 42 U.S.C. § 1983, it fails to state a claim upon which relief may be granted. It is well settled that negligence is not actionable under 42 U.S.C. § 1983. Moreover, Plaintiff sued Tran in his official capacity only. (*See* Filing No. 1 at ECF 1.) A suit against Tran in his official capacity is merely a suit against the City of Lincoln. As a municipality, the City of Lincoln is liable under § 1983 only if injury was caused pursuant to the municipality's policy or custom. *Los Angeles Cnty, California v. Humphries*, 562 U.S. 29, 30-31 (2010) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff did not allege a policy or custom caused his injuries. Thus, Plaintiff failed to state a claim for relief against the City of Lincoln and Tran in his official capacity. Accordingly,

IT IS ORDERED: Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in the proper forum. The Court will enter a separate judgment in accordance with this order.

DATED this 24th day of April, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge